# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**WARREN GREEN,** *et al.*                                                                                          **PLAINTIFFS**

**v.**                                                   **4:07CV01055-WRW**

**WELLS FARGO HOME MORTGAGE, INC.**                                                      **DEFENDANT**

## ORDER

Pending is Plaintiff's Motion For More Definite Statement (Doc. No. 10). Defendant has responded (Doc. No. 12). For the reasons set out below, Plaintiff's Motion is DENIED.

Plaintiffs filed a Complaint naming numerous causes of action, all in connection with Defendant's alleged improper efforts to collect a purported debt.[1] Defendant's answer asserts various affirmative defenses.[2] Plaintiffs filed a Motion for More Definite Statement, asking the Court to order Defendant to provide more information in connection with Defendant's affirmative Defenses.[3]

Federal Rule of Civil Procedure 12(e) reads: "if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading . . . ." Rule 7(a) of the Federal Rules of Civil Procedure provides that "[t]here shall be a complaint and an answer . . . " and that "[n]o other pleading shall be allowed, except that the court may order a reply to an answer . . . ." If a defendant plans on asserting affirmative defenses, the defendant must set out those defenses in its answer.[4]

---

[1]Doc. No. 3.

[2]Doc. No. 7.

[3]Doc. No. 10. Plaintiff asked that the Defendant be directed to: "state the particular facts upon which each defense is based"; "state, specifically, what defects were found in service of process to support their defense of insufficiency of service of process and insufficiency of process"; "specify the claims to which each defense applies"; and "provide a more definite statement for the defenses" stated in the Answer.

[4]Fed. R. Civ. P. 8(c).

It is not necessary for a plaintiff to file a responsive pleading to a defendant's answer, even when the answer sets out affirmative defenses.[5] Generally, a district court will order a reply to a defendant's answer only when the answer raises a new matter, or, for example, contains a counter-claim.[6] An affirmative defense is adequately pled if it gives a plaintiff fair notice of the defense.[7]

Defendant's Answer sets out numerous affirmative defenses.[8] Defendant pled its affirmative defenses specifically enough to put Plaintiffs on notice of the defenses.[9]

Because Defendant adequately pled its affirmative defenses, because a response to an answer is not permitted, and because motions for a more definite statement are considered in connection with responsive pleadings permitted under the Federal Rules of Civil Procedure, Plaintiff's Motion is DENIED.

IT IS SO ORDERED this 5th day of February, 2008.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[5] See *Kansas-Nebraska Natural Gas Co. v. Village of Deshler*, 192 F. Supp. 303 (D.C. Neb. 1960), *affirmed* 288 F.2d 717.

[6] See 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1185 (3d ed. 2004).

[7] *Mark v. Gov't Props. Trust, Inc.*, No. 8:06-CV-769, 2007 U.S. Dist. Lexis 25642, at *7 (D.C. Neb. April 5, 2007). "'Rule 8(c) merely requires affirmative defenses to be affirmatively set forth, but does not require even a short and plain statement.'" *Id*. at *8 (citing *Conocophillips Co. v. Shaffer*, No. 3:05-CV-7131, 2005 U.S. Dist. Lexis 20384, at *2 (N.D. Ohio Sept. 19, 2005)).

[8] Doc. No. 7.

[9] See *Id*.