# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**WARREN GREEN**                                                                                      **PLAINTIFF**

**v.**                                              **4:07CV01055-WRW**

**WELLS FARGO HOME MORTGAGE INC.**                                         **DEFENDANT**

## ORDER

Pending is Defendant's Motion To Compel Discovery Or, In The Alternative, Motion To Dismiss With Prejudice (Doc. No. 38). Plaintiff has responded (Doc. No. 40), and Defendant has replied (Doc. No. 47). For the reasons set out below, Defendant's Motion is GRANTED in part and DENIED in part.

Defendant's Motion reads: "Although Plaintiff does provide certain supplemental discovery, his responses fail to provide complete and non-evasive responses to Interrogatory Numbers 10, 17, 22, 24 and 28, Request for Production Number 4, and Request for Admissions 10, 18, 24 and 25 . . . ."[1] I will address only the discovery that Defendant's Reply says is still in dispute.

A. <u>Interrogatory Numbers 10, 22, and 28, and Request for Production Number 4, and Request for Admissions Numbers 24 and 25</u>. To the extent that Plaintiff has not already provided the information or documents Defendant requested, Defendant's Motion to Compel is GRANTED.

B. <u>Interrogatory Numbers 17 and 24</u>. In connection with Interrogatory Numbers 17 and 24, Defendant's Motion is DENIED. Plaintiff stated in his Response that he provided a release to

---

[1]Doc. No. 48.

Defendant for Plaintiff's medical records.[2] Further, Plaintiff responded that he requested his medical records and that he will provide the records to Defendant when Plaintiff receives them.

    C. <u>Request for Admissions 10 and 18</u>. Defendant seeks information about an Order of Protection and the alleged involvement of the North Little Rock Police in matters between Mr. Warren Green and his ex-wife, Ms. Gloria Green.[3] Because of Plaintiff's outrage claim, I cannot agree with Plaintiff that the discovery is irrelevant. Further, "[t]he 'privilege for confidential marital communications' does not extend to situations in which there statements were made in the presence of a third party or intended to be transmitted to a third person."[4] Defendant's Motion To Compel is GRANTED in connection with request for admissions 10 and 18 to the extent that any communications were made in the presence of, or were made to, a third party.

    D. <u>Defendant's Motion To Dismiss</u>. Defendant's Alternative Motion to Dismiss is DENIED.

    IT IS SO ORDERED this 23rd day of December, 2008.


                                          /s/Wm. R. Wilson, Jr.
                                  UNITED STATES DISTRICT JUDGE

---

[2] Doc. No. 41.

[3] *Id.*

[4] *United States v. McConnell*, 93 F.2d 566, 572 (8th Cir. 1990) (citing *Pereira v. United States*, 347 U.S. 1 (1954)).